JOHNSON v. NATIONAL BANK OF FRANKLIN et al.

No. 5482.

Circuit Court of Appeals, Sixth Circuit.

June 12, 1930.

C. W. K. Meacham, of Chattanooga, Tenn. (Myles P. O'Connor, of Nashville, Tenn., and Cantrell, Meacham & Moon, of Chattanooga, Tenn., on the brief), for appellant.

Cecil Sims, of Nashville, Tenn. (Bass, Berry & Sims, of Nashville, Tenn., on the brief), for appellees.

Before DENISON and MOORMAN, Circuit Judges, and ANDERSON, District Judge.

PER CURIAM.

In January of 1920, appellant delivered to E. D. Green, cashier of the National Bank of Franklin, for safe-keeping, Liberty bonds of the face value of $13,000. The bank had a small number of tin boxes which it kept in its burglar and fireproof safe, and in which it permitted its directors and perhaps some of its depositors to place their securities. Appellant was one of its directors, and Green accepted the bonds and placed them in one of these boxes. He was directed by appellant to clip the coupons on the bonds as they became due and place the proceeds to appellant's credit in the bank. Thereafter, until the bank failed in 1926, Green regularly credited appellant on the books of the bank with amounts representing the coupons as they became due. Appellant did not again see the bonds after delivering them to Green, who alone, with other employees of the bank, had access to the safe. Upon the failure of the bank, appellant applied to Pearson, the receiver, for the return of the bonds. Pearson caused a search to be made for them in the bank, but was unable to find them. He found in the vault a box containing an empty envelope bearing the words, "Bonds of E. T. Johnston, $13,000.00," in Green's handwriting. Thereupon appellant filed with the receiver a creditor's claim for the amount of the bonds, and this being denied, brought this action to have his claim allowed as a preferred claim against the bank, and in any event to be per-

mitted to share ratably with the general creditors in the distribution of the bank's assets. Upon the hearing in the lower court the bill was dismissed.

The evidence shows that the bonds were stolen from the box by some employee of the bank. For present purposes we accept the hypothesis that the bank was a bailee, Pennington v. Farmers' & Merchants' Bank, 144 Tenn. 188, 231 S. W. 545, 17 A. L. R. 1213, held to the measure of care referred to in Preston v. Prather, 137 U. S. 605, 11 S. Ct. 162, 34 L. Ed. 788; that is, the care that an ordinarily prudent person would usually exercise in protecting his own property of a similar character. We may assume also that there was negligence on the part of the bank, but if there was, it consisted in the failure of the directors, of whom appellant was one, to exercise proper care in selecting the employees of the bank or in failing to discover that one of them was dishonest. The negligence therefore was appellant's as much as that of the other directors, and he cannot recover for his own negligence to the prejudice of depositors and other innocent creditors of the bank. It makes no difference that he held the bonds as trustee for himself as life beneficiary with the remainder in others. As between him and the bank in this proceeding he is the sole party in interest. The bank made no engagement with the remaindermen, and their rights depend, not upon what the bank did apart from its duty to him, but upon his responsibility to them as trustee.

The decree is affirmed.